COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





TEXAS WORKFORCE COMMISSION,

                            Appellant,

v.


MARIA ELENA OLIVAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-10-00070-CV

Appeal from the

448th Judicial District Court

of El Paso County, Texas 

(TC#2009-4970) 





O P I N I O N

            The Texas Workforce Commission (the “Commission”) appeals the trial court’s denial of
its plea to the jurisdiction. The Commission contends the order is in error, and that former
Commission employee, Ms. Maria Elena Olivas’ suit for retaliatory discharge should be
dismissed for lack of jurisdiction. We affirm.
            Ms. Olivas worked for the Commission from June 24, 1987 until May 6, 2009 as an
account examiner. She developed injuries as a result of her employment duties in March 2008.


 
She subsequently filed a workers’ compensation claim. The Commission dismissed her from
employment on May 6, 2009.
            Ms. Olivas filed suit against the Commission for retaliatory discharge in November 2009. 
The Commission filed a general denial, and pled sovereign immunity from suit as an affirmative
defense. The Commission then filed a plea to the jurisdiction, in which it argued that the trial
court lacked subject-matter jurisdiction over this suit due to the Legislature’s enactment of
Section 311.034 of the Texas Government Code. The Commission argued that by enacting this
section, the Legislature unequivocally defined the standard for measuring statutes which
purportedly waive sovereign immunity, and that under this standard, there is no waiver within the
anti-retaliation provisions of Chapter 451. In response, Ms. Olivas argued that Section 311.034
did not abrogate Texas Supreme Court case law recognizing a waiver of sovereign immunity for
anti-retaliation claims. The trial court held a hearing on the Commission’s plea on February 25,
2010.
            The trial court denied the Commission’s plea to the jurisdiction, and the Commission
now challenges that ruling by interlocutory appeal. In its sole issue, the Commission contends
that sovereign immunity for claims under the anti-retaliation statute has not been “clearly and
unambiguously” waived, as required by Section 311.034 of the Texas Government Code. 
            Governmental entities, such as state agencies, are immune from suit absent a legislative
waiver. Kerrville State Hosp. v. Fernandez, 28 S.W.3d 1, 3 (Tex. 2000). To protect the
Legislature’s authority in this area, a statute must contain “clear and unambiguous language”
waiving immunity to permit a suit to proceed against the State. See Tex.Gov’t Code Ann.
§ 311.034 (West Supp. 2010); Fernandez, 28 S.W.3d at 3. Absent such a waiver, sovereign
immunity deprives a court of subject-matter jurisdiction over claims against the government. See
Tex. Dept. of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004). A plea to the
jurisdiction is the mechanism by which a party may challenge a court’s jurisdiction. City of
Waco v. Kirwan, 298 S.W.3d 618, 621-22 (Tex. 2009). When, as in this case, the jurisdictional
question is limited to the sufficiency of the plaintiff’s pleadings, we will accept as true all factual
allegations in the petition to determine if the plaintiff has met her burden to allege facts which
affirmatively demonstrate a waiver. Miranda, 133 S.W.3d at 224. As the existence of
jurisdiction is a question of law, the ruling on a plea is subject to de novo review. Miranda, 133
S.W.3d at 226.
            Ms. Olivas sued the Commission for retaliation following her claim for worker’s
compensation. Chapter 451 of the Texas Labor Code governs claims for employment
discrimination, including retaliation. See Tex.Lab.Code Ann. § 451.001 (West 2006). Section
451.001 specifically prohibits an employer from retaliating against an employee because the
employee files a good faith claim for workers’ compensation. See Tex.Lab.Code Ann.
§ 451.001(1). An employee who is terminated or discriminated against in violation of Section
451.001, has a cause of action against the employer for damages incurred as a result of the
violation. See Tex.Lab.Code Ann. § 451.002.
            As with any other claim against the government, a Chapter 451 cause of action cannot
proceed absent Legislative consent to the suit. See Fernandez, 28 S.W.3d at 4. In the case of a
state agency such as the Commission, the State Applications Act (SAA) has been held to provide
such consent and waive sovereign immunity.


 Fernandez, 28 S.W.3d at 9. As a general matter,
the SAA requires state agencies, such as the Commission, to provide worker’s compensation
benefits to their employees. See Tex.Lab.Code Ann. § 501.021. The SAA also specifically
incorporates several of the State’s worker’s compensation laws, including Chapter 451, for
application against state agencies. See Tex.Lab.Code Ann. § 501.002(a). Even more
specifically, the SAA provides, “[f]or the purposes of this chapter and Chapter 451, the
individual state agency shall be considered the employer.” Tex.Lab.Code Ann. § 501.002(b). 
Considering the statute as a whole, the Texas Supreme Court concluded that these provisions
constituted a “clear and unambiguous” waiver of sovereign immunity for retaliation claims
against a state agency. See Fernandez, 28 S.W.3d at 6.
            Still, the Commission argues that because Section 311.034 was enacted after the
Fernandez decision, the ruling has been abrogated by the Legislature. The Commission
continues by arguing that its conclusion has been bolstered by the Supreme Court’s recent
holding in Travis Central Appraisal District v. Norman, No. 09-0100, 2011 WL 1652133, at *4
(Tex. April 29, 2011); Fernandez, 28 S.W.3d at 5. In Norman, the Supreme Court concluded
that due to amendments to the Political Subdivisions Law (PSL), its prior decision recognizing a
waiver of sovereign immunity for retaliatory discharge claims was no longer controlling. See
Norman, 2011 WL 1652133, at *4-5. As the Court discussed in 2005, the Legislature added a
new section (Section 504.053) to the PSL. Norman, 2011 WL 1652133, at *3. Within that new
section was a “broadly-worded provision” stating that “[n]othing in [the PSL] waives sovereign
immunity or creates a new cause of action.” Norman, 2011 WL 1652133, at *3, citing
Tex.Lab.Code Ann. § 504.053(e). Based on this new provision, the Court concluded that the
PSL failed to demonstrate a clear and unambiguous waiver as the amendment rendered the
statute “too internally inconsistent to satisfy that standard.” Norman, 2011 WL 1652133, at *5,
citing Tex.Gov’t Code Ann. § 311.034. In light of the amendment, the Court concluded
sovereign immunity barred a retaliation claim against the political subdivision. See Norman,
2011 WL 1652133, at *5. 
            Unlike the PSL, the SAA has not been amended since the Supreme Court issued its
decision in Fernandez. There is no indication that the rationale which lead the Court to conclude
there was a clear and unambiguous waiver of sovereign immunity for retaliation claims under the
SAA has been altered in a way that would lead to a different result. See Fernandez, 28 S.W.3d at
5-6. As the Norman decision demonstrates, determining whether a statute contains a clear and
unambiguous waiver of sovereign immunity depends on the construction of the language of the
statutes implicated by the claim involved. See Norman, 2011 WL 1652133, at *4-5. The
Supreme Court performed such an construction of the SAA in Fernandez, and concluded
sovereign immunity was waived. See Fernandez, 28 S.W.3d at 5. As the SAA has not been
amended since the Fernandez decision, there is no basis upon which this Court can conclude a
different result is warranted in the case before us. Insofar as the Commission contends the
Norman opinion abrogated the holding in Fernandez, that argument is overruled.
            Norman does provide guidance, however, on the Commission’s related argument
regarding the effect of Section 311.034 to the Texas Government Code. Section 311.034
provides:
In order to preserve the legislature’s intent in managing state fiscal matters
through the appropriations process, a statute shall not be construed as a waiver of
sovereign immunity unless the waiver is effected by clear and unambiguous
language. In a statute, the use of ‘person,’ as defined by Section 311.005 to
include governmental entities, does not indicate legislative intent to waive
sovereign immunity unless the context of the statute indicates no other reasonable
construction. Statutory prerequisites to a suit, including the provision of notice,
are jurisdictional requirements in all suits against a governmental entity.

Tex.Gov’t Code Ann. § 311.034.

            The Commission argues that by enacting this statute, the Legislature has replaced the
common law “clear and unambiguous” standard with a mandate for even greater clarity regarding
waivers of sovereign immunity. We disagree. In its holding in Norman, that the PSL’s amended
language no longer demonstrated a legislative intent to waive immunity, the Supreme Court cited
Section 311.034 simply for the proposition that a waiver of immunity must be “clear and
unambiguous.” Norman, 2011 WL 1652133, at *5. In reaching its conclusion that the newly-revised PSL no longer met the clear and unambiguous standard, the manner of the legislative
intent analysis followed the framework established under the common law standard. Id. 2011
WL 1652133, at *3-5. Although the Court ultimately concluded that to due to the amendment,
the PSL no longer contained a clear and unambiguous waiver, we do not agree that the Norman
decision has altered the way in which Texas courts determine whether or not a particular statute
meets the clear and unambiguous standard. See Norman, 2011 WL 1652133, at *3-5. In other
words, there is no indication that the Legislature’s codification of the “clear and unambiguous”
standard has affected the way legislative intent to waive sovereign immunity is analyzed in
Texas. See id. As such, the Commission’s argument that Section 311.034’s enactment has
altered or abrogated the analysis to determine whether a particular statute contains a clear and
unambiguous waiver is overruled. Having overruled both arguments, we overrule Issue One in
its entirety.
            Having overruled Appellant’s sole issue, we affirm the trial court’s order denying the
Commission’s plea to the jurisdiction.


August 17, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)